On June 15, 1979 the court entered the following order:
Before Davis, Judge, Presiding, Kashiwa and Kunzig, Judges.
This pro se civilian pay case comes before the court on defendant’s motion to dismiss for lack of jurisdiction. Defendant contends that the statute of limitations has run on the causes of action and that the claims are therefore barred under 28 U.S.C. § 2501.
Plaintiff, a veteran’s preference eligible employee of the Post Office Department (now United States Postal Service), resigned from his position as city carrier with the Albany, Georgia, Post Office on September 23, 1967, upon receiving a letter of proposed adverse action. At the time of his resignation, he had used 80 hours of annual leave which he had not earned. On October 3, 1967, the Post Office Department deducted part of the resulting overpayment from plaintiffs final salary check and the remainder from his retirement fund. Apparently at some time in 1978, plaintiff requested the General Accounting Office to review the deductions for overdrawn leave.The GAO refused plaintiffs request on September 28, 1978.
Plaintiff filed suit in this court on November 2, 1978, apparently challenging his "separation” from government service on the basis of several alleged procedural defects. He also challenges the deductions for overdrawn leave. He seeks reinstatement and damages of $175,000.00.
This court lacks jurisdiction to hear a claim which is not filed within six years after the claim first accrues. 28 *700 U.S.C. § 2501; Soriano v. United States, 352 U.S. 270, 273-74 (1957). Assuming arguendo that plaintiffs claim for damages is actually one for back pay in connection with his allegedly invalid resignation, his claim first accrued on September 23, 1967, the effective date of his resignation. Mathis v. United States, 183 Ct. Cl. 145, 147, 391 F. 2d 938, 938-39 (1968); Sauer v. United States, 173 Ct. Cl. 642, 354 F. 2d 302 (1965). Plaintiffs claim for amounts deducted from his final salary check and from retirement pay similarly accrued no later than the time the deductions were made, which apparently occurred in late 1967. Plaintiffs application for review of the deductions by the GAO in 1978 does not affect the running of the statutory period. Burich v. United States, 177 Ct. Cl. 139, 366 F. 2d 984 (1966), cert. denied, 389 U.S. 885 (1967).[1] Plaintiffs petition was filed in this court more than ten years after his claims first accrued and they are barred by 28 U.S.C. § 2501.
it is therefore ordered, without oral argument, that defendant’s motion to dismiss is granted and the petition is dismissed.
Plaintiffs motion for rehearing was denied September 28, 1979. Plaintiffs petition for a writ of certiorari was denied, 444 U.S. 1020 (1980).

 Plaintiff refers to the time-limitations for making a claim to the GAO (31 U.S.C. § 71(a)), but that provision has no effect on this court which is governed by 28 U.S.C. § 2501.